THE STATE OF FLORIDA *ex rel.*, VAN C. SWEARINGEN, AT-
TJRNEY GENERAL, RELATOR, v. D. J. JONES, CIRCUIT
JUDGE, RESPONDENT.

Opinion Filed November 30, 1918.

An order of a Circuit Court made on a statutory ground in a
capital criminal cause that "this cause be transferred to
B. County" in another stated Judicial Circuit "for trial"
and that the Clerk of the Court transmit "a correct tran-
script of all the minutes of this Court relating to this
case together with the original papers, * * * to the
Clerk of the Circuit Court of" the other stated County, is
sufficient upon which the Statute may operate to transfer
the cause to the Circuit Court of the stated County for
trial.

A case of original jurisdiction.

Peremptory writ awarded.

*Van C. Swearingen,* Attorney General; *C. O. Andrews,*
Assistant, and *Ira A. Hutchison,* for Relator;

*W. J. Rice* and *D. J. Jones,* in pro per, for Respondent.

PER CURIAM.—To an alternative writ of mandamus is-
sued herein, the respondent replies that the order made
herein is insufficient to transfer the cause, it being a cap-
ital criminal cause, from the Circuit Court for Okaloosa
County in the First Judicial Circuit to the Circuit Court
for Bay County in the Ninth Judicial Circuit for trial.

The statute provides that "The order granting change
of venue shall remove the case to some Circuit Court in
the next nearest circuit. * * * If the judge of such

nearest Circuit Court   *   *   *   be   disqualified, some other circuit   *   *   *   shall be selected." Sec. 1475, Gen. Stats. 1906, Compiled Laws, 1914.

The pertinent portion of the order of transfer is as follows: "It is, therefore, ordered, that this case be transferred to Bay County in the Ninth Judicial Circuit of Florida, it being the next nearest Circuit in said State, for trial, and the Clerk of this Court is directed to prepare a correct transcript of all the minutes of this Court relating to this case and together with the original pa pers be by him transmitted to the Clerk of the Circuit Court of Bay County, Florida."

As the court judicially knows the only court in Bay County having jurisdiction to try the cause is the Circuit Court, the order as made must be held to direct the transfer to be under the statute to the Circuit Court for Bay County, though the order would have been more definite if the Circuit Court had been stated in ordering the transfer of the cause to Bay County as well as in ordering a transcript of the minutes and the original papers in the cause to be transmitted to the Clerk of the Circuit Court of Bay County.

Peremptory writ awarded.

All. concur.